©COPY

ORIGINAL FILED
2010 DEC 27 P 4: 11
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAJANEE SMITH, | Case No. CV 10 5900 EDL |
| Plaintiff, | COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT |
| vs. | |
| CHECK & CREDIT REPORTING INC., | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Lajanee Smith ("Plaintiff"), is a natural person residing in Contra Costa county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Check & Credit Reporting Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. George Young, an employee of Defendant, repeatedly called Plaintiff in attempt to collect an alleged debt.

6. In at least one communication with Plaintiff, Defendant represented itself as an attorney, however Defendant does not employ an attorney licensed in California.

7. On at least one occasion, in a communication with Plaintiff, Defendant failed to represent itself as a debt collector.

8. On at least one occasion, in a communication with Plaintiff, Defendant threatened to garnish Plaintiff's wages.

9. On at least one occasion, in a communication with Plaintiff, Defendant threatened Plaintiff with a lawsuit.

10. Defendant caused Plaintiff's telephone to ring in a manner that would constitute harassment towards Plaintiff.

11. Plaintiff's counsel sent a letter of representation to Defendant dated October 12, 2010. Defendant failed to respond to that letter and continued to contact Plaintiff directly. Plaintiff's counsel sent a second letter to Defendant dated October 26, 2010. Defendant also failed to respond to that letter.

12. George Young, an employee of Defendant, called Plaintiff on October 27, 2010, and left a voicemail. That call came over two weeks after the initial letter of representation sent to Defendant by Plaintiff's counsel.

13. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including, but not limited to:

a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including, but not limited to, threatening Plaintiff with a lawsuit and wage garnishment (§1692d));

b) Falsely representing that an individual is an attorney (§1692e(3));

c) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

d) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

e) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

f) Falsely representing the true nature of the business or services being rendered by Defendant (Cal Civ Code §1788.13(i));

g) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j));

h) Falsely representing that any person is an attorney or counselor at law (Cal Civ Code §1788.13(b));

i) Communicating with a debtor in the name of an attorney or counselor at law or upon stationery or like written instruments bearing the name of the attorney or

counselor at law, where such communication is not by an attorney or counselor at law or would not have been approved or authorized by such attorney or counselor at law (Cal Civ Code §1788.13(c)); and

j) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§1692c(a)(2).

14. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 22nd day of December, 2010.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff, Lajanee Smith